## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Alma C.,[1]

        Petitioner,

v.

Markwayne Mullin, *Secretary of the U.S. Department of Homeland Security*; David Easterwood, *Field Office Director of Enforcement and Removal Operations, St. Paul Field Office, Immigration and Customs Enforcement*; Todd M. Lyons, *acting director of U.S. Immigration and Customs Enforcement*; Todd Blanche, *acting Attorney General of the United States*; Eric Klang, *Crow Wing County Sheriff*;

        Respondents.

File No. 26-CV-2654 (JMB/DLM)

**ORDER**

Solomon Daniel Steen, Contreras Edin Law, P.A., St. Paul, MN, for Petitioner Alma C.

David W. Fuller and Derek Ganzhorn, United States Attorney's Office, Minneapolis, MN, for Respondents Markwayne Mullin, David Easterwood, Todd M. Lyons, Todd Blanche, and Eric Klang.

This matter is before the Court on Petitioner Alma C.'s Petition for a Writ of Habeas Corpus (Petition). (Doc. No. 1.) For the reasons explained below, the Court grants the Petition.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental party in immigration cases.

1

## FINDINGS OF FACT

1. Alma C. is a citizen of Mexico who entered to United States without inspection in January 2008. (Doc. No. 1 [hereinafter "Pet."] ¶ 1.)

2. Prior to her detention, Alma C. lived in Brooklyn Park, Minnesota, with her husband and five-year-old daughter, who are both United States citizens. (*Id.* ¶ 2.)

3. On or about May 10, 2026, Alma C. was detained by local police officers pursuant to a DWI arrest. (*Id.* ¶ 3.) She was held at Anoka County Jail. (*Id.*)

4. On May 12, 2026, Alma C. was ordered released pursuant to payment of a bond and compliance with conditions of supervision. (*Id.* at 4.)

5. On the same day, Respondents took Alma C. into immigration custody. (*Id.* at 5.) Respondents served an I-200 warrant, an I-213, and an NTA on Alma C. at this time. (Doc. Nos. 7-1, 7-2, 7-3.) According to the I-200 warrant, Alma C. was detained "pursuant to sections 236 [8 U.S.C. § 1226] and 287 of the Immigration and Nationality Act." (Doc. No. 7-2.)

6. Alma C. filed her Petition on May 18, 2026, pursuant to 28 U.S.C. § 2241. (Pet.) In it, she asks the Court to order her immediate release from Respondents' custody on the grounds that her current detention violates due process or, alternatively, that she is entitled to a bond hearing because her current detention should be administered pursuant to 8 U.S.C. § 1226. (*Id.* at 24.)

7. On May 21, 2026, Markwayne Mullin, David Easterwood, Todd M. Lyons, Todd Blanche, and Eric Klang (together, Respondents) timely filed a response. (Doc. No. 6.)

**DISCUSSION**

Alma C. seeks immediate release from Respondents' custody on the grounds that her current detention violates her Fifth Amendment procedural and substantive due process rights, or, alternatively, that she is entitled to a bond hearing, because her current detention should be administered pursuant to 8 U.S.C. § 1226. (*Id.* at 24.) Respondents state that Alma C. is mandatorily detained pursuant to 8 U.S.C. § 1225(b)(2) and that she lacks any due process right to be released from custody. (*See generally* Doc. No. 6.) The Court grants Alma C.'s petition to the extent that she is entitled to a bond hearing because of the circumstances of the arrest relating to her current detention.

A.     **Constitutional Guarantee of Habeas Review**

As a threshold matter, the Court notes that a writ of habeas corpus may be granted to any person who demonstrates she is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)); *Aditya W.H. v. Trump*, 782 F. Supp. 3d 691, 702 (D. Minn. 2025). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that her detention is illegal

3

by a preponderance of evidence. *Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 965 (D. Minn. 2025) (citing *Aditya W.H.*, 782 F. Supp. 3d at 703).

**B.      Detention Pursuant to Section 1226(a)**

The record of this case plainly shows that Respondents justified Alma C.'s detention pursuant to section 1226(a) as opposed to section 1225(b)(2).  On May 12, 2026, Alma C. was arrested and detained based on an I-200 Warrant that stated that it was issued "pursuant to sections 236 [8 U.S.C. § 1226] and 287 of the Immigration and Nationality Act."  (Doc. No. 7-2.)  At no time, prior to this litigation, have Respondents ever invoked the mandatory detention authority of section 1225(b)(2) to detain Alma C.

Instead, this case is similar to *Souleimane C. v. Blanche*, where the respondents "for the first time, and only in response to [petitioner's] habeas petition . . . claim[] that everything the Government said before was wrong, and that [petitioner] has actually been detained all along under 8 U.S.C. § 1225(b)(2)."  No. 26-CV-2215 (LMP/JFD), 2026 WL 1180075, at *3 (D. Minn. Apr. 30, 2026).  It is true that in *Avila v. Bondi*, the Eighth Circuit held that section 1225(b)(2) mandates the detention of unadmitted noncitizens already present in the United States.  170 F.4th 1128 (8th Cir. 2026).  The question at issue in this case, however, is not whether the government possesses the authority to mandatorily detain unadmitted noncitizens present in the United States, but rather, whether Respondents invoked that authority for their detention of Alma C.  This Court agrees with the analysis in *Souleimaine C.* that "'courts may not accept [] counsel's post hoc rationalizations for agency action,' and that 'an agency's action must be upheld, if at all, on the basis articulated by the agency itself.'"  2026 WL 1180075, at *3 (quoting *Motor Vehicle Mfrs. Ass'n of*

*U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 50 (1983)).  Here, the basis for Alma C.'s detention was section 1226, and the Court will not now adopt Respondents' post hoc theory of detention under section 1225(b)(2) that was raised for the first time in this litigation.  *See also Souleimaine C.* 2026 WL 1180075, at \*4;  *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025).

Noncitizens detained under § 1226(a) are entitled to a bond hearing.  8 C.F.R. §§ 236.1(d)(1); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018).  Therefore, the Court deems a bond hearing to be the appropriate remedy for Alma C.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED, as follows:

1. The Court DECLARES that Alma C. is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead detained pursuant to the discretionary provisions of 8 U.S.C. § 1226.

2. Respondents must provide Petitioner Alma C. with a bond redetermination hearing under 8 U.S.C. § 1226(a) on the merits of her release no later than May 27, 2026.

3. If Respondents do not provide Alma C. with a bond redetermination hearing by May 27, 2026, as required by this Order, the Government is ORDERED to release Alma C. from detention immediately.

4. On or before 11:00 a.m. CT on May 28, 2026, counsel for Respondents shall file a letter affirming that Petitioner had a bond hearing or was released from custody in accordance with this Order.  If Petitioner is released, Counsel shall also file a declaration on or before 11:00 a.m. CT on May 28, 2026, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaching any and all relevant documentation concerning the Petitioner's release, and affirms that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention,

and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation).    If Petitioner was transferred out of Minnesota prior to the Court's Order granting the Petition, counsel shall also file a declaration on or before 11:00 a.m. CT on May 28, 2026, pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that includes the following: (a) the name or names of any individual or individuals who authorized Petitioner's transfer outside of Minnesota; (b) the basis for the transfer; (c) the time and date when that decision was made; (d) the time and date when Petitioner was moved; and (e) what efforts Respondents took to return Petitioner to Minnesota as ordered by the Court.

5.      To the extent Petitioner Alma C. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: May 22, 2026                                  /s/ *Jeffrey M. Bryan*
                                                     Judge Jeffrey M. Bryan
                                                     United States District Court

6